```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ALABAMA
                    EASTERN DIVISION
```

FILED
98 APR 28 PM 4:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 2 8 1998

H. WAYNE LOVE, as                }
administrator of the ESTATE OF   }
HAILEY DAVIS, deceased,          }
                                 }   CIVIL ACTION NO.
        Plaintiff,               }
                                 }   CV-97-AR-1906-E
    vs.                          }
                                 }
TONY PETELOS, in his official    }
capacity as Commissioner of      }
the Alabama Department of        }
Human Resources, et al.,         }
                                 }
        Defendants.

## MEMORANDUM OPINION

Now before the court are two motions filed in the above-entitled action by defendant, Tony Petelos ("Petelos"), in his official capacity as Commissioner of the Alabama Department of Human Resources ("DHR"). The first motion is a motion for summary judgment. The second invokes the Alabama Litigation Accountability Act of 1987 ("ALAA"), Ala. Code §§ 12-19-270 *et seq.* (1995 Repl. Vol.), and seeks an award of attorneys' fees and costs.

In his First Amended Complaint, H. Wayne Love ("Love"), acting in his capacity as the administrator of the Estate of Hailey Davis ("Davis"), deceased, brings this action against

Petelos only in his official capacity.[1]  Love makes essentially two claims.  First, in Count II, Love alleges that Petelos's acts and omissions with respect to Davis were deliberately indifferent to Davis's constitutional rights and, thereby, violated 42 U.S.C. § 1983 (§ 1983).  Second, in Count V, Love alleges what appear to be several state law claims against Petelos.  Finding that no genuine issues of material fact exists with respect to plaintiff's claims against Petelos in Counts II and V, the court determines that summary disposition of those claims is appropriate under Rule 56, Fed.R.Civ.P.  As explained more fully below, however, Petelos is not entitled to the affirmative relief he seeks under the ALAA.

## I. *Pertinent Undisputed Facts*

On or about September 14, 1995, a unnamed citizen of Cleburne County, Alabama, reported to DHR's Cleburne County office that Davis was the suspected victim of child abuse.  First Am. Compl. at ¶ 11.  That same day, officials at DHR's Cleburne County office began to investigate.  *Id.* at ¶ 12.  These officials visited Davis's home and interviewed her mother.  *Id.* at ¶ 13.  According to Love, after this initial visit and interview, these officials took no additional investigatory steps and did not visit Davis's

---

[1] Actually, in his First Amended Complaint, Love brings these claims against Martha S. Nachman, the prior Commissioner of DHR.  However, in an order entered on December 16, 1997, the court granted Love's oral motion to substitute Petelos as successor to Ms. Nachman.

2

home again. *Id.* at ¶ 15. On or about November 26, 1995, Davis died from injuries sustained as a result of severe beating she received from her mother and/or her mother's boyfriend on or about November 23, 1995. *Id.* at ¶ 16-17. Davis's mother is now serving a life sentence in a state correctional facility for the murder of Davis. On June 27, 1996, the Probate Court of Cleburne County appointed Love as the personal representative of Davis's estate. *Id.* at ¶ 2.

## II. *Summary Judgment Standard*

Rule 56 states in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 56(c), Fed.R.Civ.P. In addition, the Eleventh Circuit has observed that "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1061 (11th Cir. 1994). Petelos has invoked Rule 56.

III. *Discussion*

A. **Petelos's § 1983 Liability**

As noted above, Love alleges that Petelos's acts and omissions deprived Davis of several of her constitutional rights, including rights guaranteed by the First, Fifth, and Fourteenth Amendments. Love brings this claim pursuant to § 1983 and seeks only money damages. In response, Petelos argues that, as a state official being sued only in his official capacity, he cannot be subject to liability under § 1983 for money damages. Petelos is correct.

It is well settled that, except in certain circumstances that do not apply in Alabama, the Eleventh Amendment bars § 1983 actions against a state. As the Eleventh Circuit has explained:

> "The Eleventh Amendment prohibits a federal court from exercising jurisdiction over a lawsuit against a state, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity." (Citation omitted). "Congress has not abrogated Eleventh Amendment immunity in section 1983 cases." (Citation omitted). Alabama has not waived its immunity. (Citation omitted). Thus, the Eleventh Amendment bars . . . section 1983 suit[s] against the state of Alabama.

*Cross v. State of Alabama*, 49 F.3d 1490, 1502, *reh'g denied*, 59 F.3d 1248 (11th Cir. 1995). Moreover, this prohibition applies with equal force to state officials who are sued in their official capacity. According to the Supreme Court of the United States:

> [A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. (Citation omitted). As

4

such, it is no different than a suit against the State itself.

*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 2312 (1989). In light of the foregoing, the court concludes that Petelos is due to receive judgment as a matter of law with respect to Love's § 1983 claim. *See Will*, 491 U.S. at 70, 109 S.Ct. at 2312 (holding that state officials acting in their official capacity are not "persons" within meaning of § 1983); *Cross*, 49 F.3d at 1503 (concluding that Eleventh Amendment bars § 1983 action for money damages against state official in official capacity).

### B. Petelos's State Law Liability

Love also brings several claims against Petelos under Alabama law. More specifically, Love alleges that Petelos's acts and omissions constitute both bad faith and gross negligence. First Am. Compl. at ¶ 54. Love next alleges that Petelos is guilty of "intentionally, knowingly, and recklessly fail[ing] to instruct, supervise . . . and discipline" those DHR employees principally responsible for monitoring Davis's domestic situation. *Id.* at ¶ 50. Petelos argues that, as the Commissioner of DHR, he is immune from any such state law claims. This argument is well taken.

According to the Supreme Court of Alabama:

> Article I, § 14, Alabama Constitution, is the basis for sovereign immunity in this state, and that section provides that "the State of Alabama shall never be made a defendant in any court of law or equity." Under this provision, the

5

> state and its agencies have absolute immunity from suit in
> any court. State officers and employees, in their official
> capacities and individually, also are absolutely immune from
> suit when the action is, in effect, one against the state.

*Alabama State Docks v. Saxon*, 631 So.2d 943, 946 (Ala. 1994). Notwithstanding this authority, however, "a state officer or employee is not protected by § 14 when he acts willfully, maliciously, illegally, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law." *Spring Hill Lighting Co., Inc. v. Square D Co., Inc.*, 662 So.2d 1141 (Ala. 1995).

As noted above, in bringing his state law claims, Love alleges that Petelos's acts and omissions (actually those of Ms. Nachman) were intentional and committed in bad faith. By including these particular allegations in his pleading, it is clear that Love hopes to undermine Petelos's ability to find protection behind sovereign immunity. However, considering that, in his brief opposing Petelos's motion or summary judgment, Love fails to present any evidence in support of his allegations of intentional misconduct and bad faith by Petelos, his effort in this regard is unavailing. Obviously, without supporting evidence, Love's conclusory allegations concerning Petelos are insufficient to withstand summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997). Therefore, because Love has failed to present evidence that would abrogate Petelos's

6

sovereign immunity, the court concludes that summary judgment is appropriate on all of Love's state law claims against Petelos.

### C. Alabama Litigation Accountability Act

Lastly, Petelos moves this court to award reasonable attorneys' fees and cost against Love pursuant to the Alabama Litigation Accountability Act of 1987 ("ALAA"), Ala. Code §§ 12-19-270 *et seq.* (1995 Repl. Vol.). In pertinent part, the ALAA provides:

> Except as otherwise provided in this article, in any civil action commenced or appealed in any court of record in this state, the court shall award, as a part of any judgment and in addition to any other costs otherwise assessed, reasonable attorneys' fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or in part[.]

Ala. Code § 12-19-272(a) (1995 Repl. Vol.). Petelos argues that such an award is proper here because Love's state law claims against him are brought "without substantial justification." Mot. for Summ. J. at ¶ 12.

Despite the court's determination concerning Love's state law claims against Petelos, an award of fees and costs to Petelos under the ALAA is inappropriate for two reasons. First, the ALAA was enacted by the Alabama legislature, not by Congress. Consequently, this court harbors serious doubt as to whether the statute is binding on this court, or whether it gives this court the authority to do what Petelos asks. The fact that the court

7

could find no example of another federal court awarding fees and costs pursuant to the ALAA adds substantially to this doubt. Second, according to the Supreme Court of Alabama, the ALAA was enacted to accomplish the same goals as Rule 11, Fed.R.Civ.P. *Pac. Enters. Oil Co. v. Howell Petroleum Corp.*, 614 So.2d 409, 418 (Ala. 1993). Given that this court has an obligation to apply the Federal Rules of Civil Procedure to the exclusion of those available in state forums, *Hanna v. Plummer*, 380 U.S. 460, 470-71, 85 S.Ct. 1136, 1143-44 (1965), the court must require litigants who want the court to impose sanctions on the opposing party to make such requests by way of the appropriate federal procedural mechanism for doing so — Rule 11. Thus, in the absence of some compelling justification to rely on the ALAA, the court concludes that Petelos's motion for fees and cost under that statute is due to be denied. The mere fact that this action was removed from the state court does nothing to undermine this conclusion. If anything, that fact further confirms Petelos's desire to avail himself of a federal forum and its procedural guidelines. Even if the ALAA is a *substantive* law, it is not binding on this court given the posture of this case.

### IV. *Conclusion*

The court will enter a separate and appropriate order in

keeping with this memorandum opinion.

DONE this 28 day of April, 1998.

*[signature]*

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE